UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

Case No. 5:11-CR-06011-DGK-01

v.

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

STEVEN LEROY MORRIS.

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of     is reduced to     . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Now before the Court are Defendant's fourth pro se motion for compassionate release, ECF No. 1385, and motion to appoint counsel to represent him in this matter, ECF No. 1429. As an initial matter, a defendant is not entitled to appointment of counsel in a sentence modification proceeding. See United States v. Harris, 568 F.3d 666, 669 (8th Cir. 2009) (finding there is no constitutional or statutory right to counsel in § 3582 proceedings). Accordingly, Defendant's motion for counsel is DENIED.

Moving to the substance of Defendant's fourth motion for compassionate release, the Court has carefully reviewed the record, including Defendant's current motion, sentencing transcript, and presentence investigation report. In support of release, Defendant cites the dangers of COVID-19, personal health concerns (including "long-covid", a leg injury that has confined him to a wheelchair, and obesity), his mother's deteriorating health, a change in sentencing guidelines, and disparity in sentencing among his co-defendants. None of these

reasons present "extraordinary and compelling reasons warrant[ing] such a [sentence] reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

First, regarding Defendant's health concerns, the Covid-19 pandemic does not constitute an extraordinary and compelling reason for relief. United States v. Marcussen, 15 F.4th 855, 858 (8th Cir. 2021). Defendant has contracted and recovered from COVID-19 and subsequently received both doses of the Pfizer Covid vaccine. Defendant's other medical conditions coupled with the pandemic do not meet this standard either. As for his mother's cancer, Defendant is not her caretaker, therefore this is not an extraordinary and compelling reason for release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(b)(3)(C).

Second, Defendant's argument that "changes through the [First] Step Act to the [§] 851, mandatory minimums and guidelines" warrant a sentence reduction is without merit. Defendant argues his prior felony drug offense no longer qualifies as a predicate offense for a § 851 sentence enhancement, so, if sentenced today, his guideline range would be 15 years to life (Defendant argues it would be 10 years to life in other parts of his motion). Even if true, Defendant's current sentence of 30 years' imprisonment would be unaffected. Further, the Eighth Circuit has explicitly held "that a non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022); see United States v. Rodriguez-Mendez, 65 F.4th 1000, 1001 (8th Cir. 2023).

Third, to the extent Defendant challenges the legality of his conviction and sentence, those challenges are foreclosed in a motion for compassionate release. See United States v. Fine,

982 F.3d 1117, 1118 (8th Cir. 2020) ("A federal inmate generally must challenge a sentence through a [28 U.S.C.] § 2255 motion[.]").

Lastly, in addition to the lack of compelling circumstances above, consideration of the factors under 18 U.S.C. § 3553(a) also favors denying the motion. The Court, after holding a bench trial, found Defendant guilty of conspiring to distribute 500 grams or more of methamphetamine and money laundering, and Defendant was the leader of this criminal enterprise. Further, Defendant has an extensive criminal history (Category VI). If released early, Defendant would be a danger to the community, especially in light of his extensive criminal history. See 18 U.S.C. § 3553(a).

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

March 27, 2024

/s/ Greg Kays
UNITED STATES DISTRICT JUDGE